IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SILVERLINE CONSTRUCTION, LLC,

     Plaintiff,

vs.                                                                    Civ. No. 21-0218 KG/JFR

INTERSTATE ELECTRICAL CONTRACTORS, INC.,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court *sua sponte* on its review of the Complaint (Doc. 1) filed by Plaintiff on March 11, 2021.  The Court has a duty to determine whether subject-matter jurisdiction exists.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Plaintiff to file an amended complaint no later than September 29, 2021, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

BACKGROUND

On March 11, 2021, Plaintiff filed its Complaint. (Doc. 1).  Plaintiff explicitly invoked diversity jurisdiction. (*Id.*) at ¶ 6.  Plaintiff asserts that it "is a foreign corporation conducting business in the state of New Mexico with its principal place of business [in] . . . Gillespie, Wyoming." (*Id.*) at ¶ 1.  Plaintiff then asserts that "Defendant is a foreign corporation conducting business in New Mexico with its principal place of business in Arvada, Colorado." (*Id.*) at ¶ 2.

Plaintiff makes no allegation about its own citizenship and fails to fully allege the Defendants' citizenship.

LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or *sua sponte* at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Here, Plaintiff alleged Defendant's principal place of business to be in Colorado, but failed to allege where Defendant is incorporated. Thus, Plaintiff failed to adequately allege Defendant's citizenship.

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. Limited liability companies, like Plaintiff, are

treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.  Here, Plaintiff failed to state the citizenship of any, much less all, of its members.  Thus, Plaintiff's allegations fail to establish its citizenship.

IT IS THEREFORE ORDERED that Plaintiff shall amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than September 29, 2021.

IT IS FURTHER ORDERED that if such an amended complaint is not filed by September 29, 2021, the Court may dismiss this action without prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE